# Joseph F. Fisher, Appellant, v. Brown Leesman, Appellee.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

2. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of an instruction containing a correct abstract proposition of law will ordinarily not effect a reversal of a judgment.

Action commenced before a justice of the peace. Appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

MANGAS & HILL, for appellant.

BEACH & TRAPP, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action instituted before a justice of the peace for the recovery of damages alleged to have resulted to the plaintiff by reason of the defendant having destroyed a division hedge fence between their respective properties, without first having given notice in writing to the plaintiff as provided by sections 14 and 15 chapter 54 of the statute relating to fences. The cause was taken by appeal to the Circuit Court and there tried by a jury, which found the issues for the defendant. Judgment was entered upon said verdict, whereupon the plaintiff appealed.

The evidence for the plaintiff shows that in 1870 one Fossett owned a tract of land upon the north line of which he built a board fence; that thereafter the plaintiff bought the tract lying north of said fence and immediately adjoining the Fossett land for the distance of a quarter of a mile; that said fence having become decayed and useless, the plaintiff and Fossett

jointly built a new board fence upon about the same line as the old one; that sometime thereafter, during 1877 or 1878, Fossett set out a hedge which subsequent surveys show was upon his own land, about six or eight feet south of the board fence; that in 1882 Fossett sold his land to the defendant; that at that time the board fence was sufficient to turn stock and remained standing until long after the hedge had grown large enough for that purpose, but that it gradually fell or was taken down; that shortly after the defendant moved upon his land, the plaintiff told him that if he would trim the hedge and keep it up he could join on to it and use it as a fence, and thereupon the defendant joined his cross-fences to the hedge; that in January, 1909, the defendant cut down one-half of the hedge and in February thereafter the plaintiff built a new fence the entire length and about two feet north of the hedge, the remaining hedge fence being insufficient to turn stock, and then instituted the present suit.

The evidence introduced by the plaintiff further tends to show that there was a parol agreement between Fossett and the plaintiff at the time of planting the hedge, that it should be accepted as the line between their properties; that it should belong to the plaintiff; that it was planted as near the true line as they could determine, and was accepted and acquiesced in by them for many years as the boundary line, and that the defendant purchased with full knowledge of such latter fact.

The evidence adduced by the defendant tended to show that at the time he purchased the land he had no knowledge of any claim on the part of the plaintiff of ownership in the hedge; and further, that the plaintiff failed to keep the hedge trimmed, but permitted the roots to spread over the ground so that it failed to turn stock, and rendered a new fence absolutely necessary.

At the instance of the plaintiff the court instructed the jury that if they believed from a preponderance of the evidence that Fossett planted the hedge fence in question at the time he owned the land, and that he gave the said hedge to the plaintiff to keep and maintain, and that the defendant afterward purchased the premises from Fossett with the understanding that the said hedge fence was the property of the plaintiff, that the same became and was the property of the plaintiff, and further that if the boundary line between the properties was agreed upon between the plaintiff and Fossett, and that at the time the defendant purchased from Fossett he was informed and knew of the location of the said fence, and assented or agreed that the same was the boundary line between said lands, and that said fence had so remained as such boundary line, then the same established the boundary line, no matter whether it was or was not on the actual line of division between the premises.

On behalf of the defendant the court instructed the jury that if they believed from the evidence that Fossett and the plaintiff together built a division fence on what they supposed was the boundary line, and that thereafter Fossett planted the hedge fence some feet on his side of what he believed to be the boundary line, and some 6 or 8 feet south of the board fence built by him and the plaintiff, then in law the hedge fence belonged to Fossett as owner of the land and passed to the defendant under the deed of conveyance to him, as part of the land so sold to him, and that he had a right to cut down said hedge fence, unless they further believed that Fossett and the plaintiff by agreement fixed said hedge fence as the boundary line between them, and that the said hedge fence was to be the property of the plaintiff upon the plaintiff trimming and maintaining the entire hedge fence between him and Fossett.

The controlling issues of fact thus presented to the jury were whether an understanding and arrangement

between Fossett and the plaintiff were entered into as claimed, and whether the defendant purchased with full knowledge of the same and consented that the line of the hedge should constitute the boundary line.

The evidence is conflicting and irreconcilable. The jury would not have been unwarranted in determining the issues of fact either way, depending upon the testimony to which they gave credence. We do not feel disposed therefore to disturb their finding.

The refusal of the seventh instruction offered by the plaintiff did not constitute error, it being but an abstract proposition of law. Instructions of such character tend to confuse and mislead the jury, and it is seldom, if ever, error to refuse the same. Moreover the instruction seems to assume that the hedge was regarded by both parties as the boundary line which question was one of the controverted issues in the case.

We find no prejudicial error in the record and the judgment of the Circuit Court is affirmed.

*Affirmed.*